The STATE BAR OF TEXAS, Appellant,

v.

Bernard J. DOLENZ, Appellee.

No. 05–93–00957–CV.

Court of Appeals of Texas, Dallas.

Jan. 9, 1995.

Rehearing Denied Feb. 14, 1995.

Linda A. Acevedo, Austin, for appellant.

Before Justices LAGARDE, MALONEY and WHITTINGTON, JJ.

---

## OPINION

WHITTINGTON, Justice.

The State Bar of Texas appeals the trial court's dismissal of a disciplinary action against Bernard J. Dolenz, a Texas attorney. In a single point of error, the State Bar contends the trial judge erred in granting Dolenz's motion to dismiss the disciplinary action. We agree with the State Bar and reverse the trial court's judgment.

On June 11, 1990, Dolenz's former client, Dmitri Vail, filed a complaint against Dolenz with the Dallas Regional Office of the State Bar of Texas. The complaint alleged that Dolenz committed several acts of professional misconduct when he represented Vail. On June 13, 1991, the State Bar grievance committee conducted a hearing on the complaint. Concluding a disciplinary action against Dolenz was warranted, the committee forwarded the file to the general counsel of the State Bar on June 21, 1991.

On May 1, 1992, the Texas Rules of Disciplinary Procedure took effect, superseding various sections of article X of the State Bar Rules. On May 6, 1992, the State Bar filed a disciplinary action against Dolenz alleging professional misconduct. Dolenz moved to dismiss the action, claiming the State Bar failed to follow the mandatory procedures of Part III of the Texas Rules of Disciplinary Procedure.[1] On April 14, 1993, the trial judge granted Dolenz's motion and dismissed the State Bar's disciplinary action. This appeal followed.

## TEXAS RULES OF DISCIPLINARY PROCEDURE

In its sole point of error, the State Bar contends the trial judge erred in dismissing its disciplinary action because the State Bar Rules govern this action. The State Bar maintains that Part III of the Texas Rules of Disciplinary Procedure applies only to proceedings commenced on and after May 1, 1992. Because this disciplinary proceeding was pending on May 1, 1992, the State Bar asserts it was not required to follow Part III of the disciplinary rules.

The Texas Rules of Disciplinary Procedure took effect on May 1, 1992. Rule 1.04 provides:

> These rules apply *prospectively* to all attorney professional disciplinary and disability proceedings commenced on and after the effective date as set forth in the Supreme Court's Order of promulgation. Upon adoption and promulgation of these rules, existing Article X, Sections 1 through 8, and Article X, Sections 10 through 38, of the State Bar Rules (Title 2, Subtitle G—Appendix, V.T.C.A., Government Code) are repealed except to the extent that they apply to *then pending disciplinary matters* by Order of the Supreme Court of Texas.

TEX.R. DISCIPLINARY P. 1.04 (1992), *reprinted in* TEX.GOV'T CODE ANN., tit. 2, subtit. G app. (Vernon Supp.1994) (emphasis added). A disciplinary *proceeding* is the investigation and processing of a complaint or inquiry before a disciplinary action. TEX.R. DISCIPLINARY P. 1.06(K) (1992). A disciplinary *action* is a proceeding brought by or against an attorney before an evidentiary panel of a committee or a judicial proceeding. TEX.R. DISCIPLINARY P. 1.06(I) (1992). A disciplinary proceeding is the initial phase of a disciplinary matter and precedes a disciplinary action. Clearly, all disciplinary proceedings commenced on or after May 1, 1992 are governed by the Texas Rules of Disciplinary Procedure. TEX.R. DISCIPLINARY P. 1.04 (1992). Disciplinary matters commenced before May 1, 1992, however, are governed by the State Bar Rules. TEX.R. DISCIPLINARY P. 1.04 (1992) (repealing sections 1 through 8 and sections 10 through 38 of article X of the State Bar Rules, "except to the extent that they apply to then pending disciplinary matters.").

When the literal text of a statute or rule is unambiguous, we must give effect to the plain meaning of the text. *Bailey v. Cherokee County Appraisal District,* 862 S.W.2d 581, 589 (Tex.1993); *Moreno v. Sterling Drug Inc.,* 787 S.W.2d 348, 352 (Tex.1990). Vail filed his complaint against Dolenz in a

---

1. Part III of the Texas Rules of Disciplinary Procedure outlines rules regarding an attorney's right to trial de novo in the district court which were not contained in the State Bar Rules.

regional office of the State Bar on June 11, 1990. The State Bar investigated the complaint and on June 13, 1991, its grievance committee held a hearing on the matter. Although Dolenz maintains the Rules of Disciplinary Procedure govern this proceeding because the disciplinary *action* against him was not filed until May 6, 1992, we cannot agree. Under the language of rule 1.04, disciplinary matters commenced before May 1, 1992 are governed by the State Bar Rules. Because the disciplinary proceeding that resulted in the disciplinary action was commenced before May 1, 1992, we hold the State Bar Rules govern the entire matter. The trial court erred in concluding otherwise.

We reverse the trial court's judgment and remand this case.