**Larry MERENDINO, et al., Appellants,**

v.

**Eugene BURRELL, Appellee.**

**No. 09–95–163 CV.**

Court of Appeals of Texas,
Beaumont.

May 30, 1996.

Rehearing Overruled June 21, 1996.

William G. Neumann, Jr., Krist, Gunn, Weller, Neumann & Morrison, Houston, for appellants.

Paul W. Gertz, Germer & Gertz, Beaumont, for appellee.

Before WALKER, C.J., and BURGESS and STOVER, JJ.

## OPINION

STOVER, Justice.

This appeal arose from a jury verdict rendered in favor of the appellee. Suit was originally brought by the appellants, Larry Merendino and wife, Joann Merendino, individually and as next friends for Wade Merendino and Ryan Merendino, minors, to recover money damages for personal injuries received by them as a result of an automobile-bull collision. Appellee was the owner of the bull which had escaped from one of his pastures onto the highway. The case was tried to a jury. After weighing the evidence, the jury failed to find negligence attributable to either party, and not finding negligence, did not answer the damage issues since the damage issues were conditionally submitted. Subsequently, this appeal has been perfected. Appellants bring forth three points of error, all of which are overruled, and the judgment of the trial court is affirmed.

On or about February 22, 1992, appellants were travelling down FM 365 in Jefferson County, Texas, when a bull, which had escaped from appellee's pasture through a gate, allegedly improperly constructed, wandered onto the highway and was struck by appellants' vehicle. As a result of the collision, appellants' car came to rest in the pasture; the bull, still alive, but unable to move, was in the roadway.

Appellant's first point of error complains: "[t]he jury's answer to Question No. 1 that Appellee's conduct was not negligence and a proximate cause of the occurrence in question was against the great weight and overwhelming preponderance of the evidence."

The second point of error complains: "[t]he jury's answer to Question No. 2 that Appellee's conduct was not negligence and a proximate cause of the occurrence in question was not supported by any evidence of probative value."

Both points of error were grouped together and we proceed to address them thusly.

■ An appellant attacking the legal sufficiency of a failure to find an issue on which he had the burden of proof must demonstrate on appeal that the evidence conclusively established all vital facts in support of the issue as a matter of law. *Ritchey v. Crawford*, 734 S.W.2d 85, 86 (Tex.App.—Houston [1st Dist.] 1987, no writ).

■ To attack the factual sufficiency of a failure to find an issue on which he had the burden of proof, the appellant must demonstrate on appeal that the failure to find is so clearly against the great weight and preponderance of the evidence as to be manifestly unjust. *Id.* Since our Supreme Court held in *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex.1988), that courts of appeals may reverse and remand a case for new trial when it concludes the jury's "failure to find" is against the great weight and preponderance of the evidence, the courts of appeals have adopted various interpretations of this standard.

■ Recently, in *Potter v. Anthony Crane Rental of Texas, Inc.*, 896 S.W.2d 845, 849–850 (Tex.App.—Beaumont 1995, writ denied), we set forth the standards governing appellant's great weight and preponderance argument:

(a) The court of appeals must consider and weigh all of the evidence and should set aside the verdict *only* if it is so contrary to the overwhelming weight of the evi-

dence as to be *clearly wrong and unjust;*

(b) The court is not free to reweigh the evidence and set aside a jury verdict merely because the judges feel that a different result is more reasonable. The court may not substitute its thought processes for those of the jury; and,

(c) The court must be prepared to detail the evidence relevant to the issues under consideration and clearly state why the jury findings are factually insufficient or so against the great weight and preponderance of the evidence as to be manifestly unjust, why the findings shock the conscience, or why the findings clearly demonstrate bias. The Court must be able to state in what regard the contrary evidence greatly outweighs the evidence in support of the verdict.

*Pool v. Ford Motor Co.,* 715 S.W.2d 629 (Tex.1986); *Dyson v. Olin Corp.,* 692 S.W.2d 456 (Tex.1985); *In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

■ "[N]o court is free to substitute its judgment for that of the jury." *Larson v. Cactus Utility Co.,* 730 S.W.2d 640, 641 (Tex. 1987). Neither the trial court nor appellate courts have the power to "second guess the fact finder." *State v. $11,014.00,* 820 S.W.2d 783, 785 (Tex.1991).

■ In *Crawford v. Standard Fire Ins. Co.,* 779 S.W.2d 935, 941 (Tex.App.—Beaumont 1989, no writ), this Court stated:

The jury's verdict, in Texas courts, has a special, significant sacredness and inviolability. The jury's verdict cannot be violated under our Texas Constitution. Tex. Const. Art. I, sec. 15 (1984). The purity of the right to trial by jury is to be maintained.

■ Corollary to the rule that appellate courts are not free to substitute their judgment for that of the jury's, is the rule that when the evidence adduced at trial is conflicting, jury findings are conclusive upon appellate courts. *See Ellis v. First City Nat'l Bank,* 864 S.W.2d 555, 557 (Tex.App.—Tyler 1993, no writ); *Horvath v. Baylor University Medical Center,* 704 S.W.2d 866, 868 (Tex.App.—Dallas 1985, no writ).

■ We acknowledge from the outset that the non-livestock owner who is a member of the motoring public would insist the subject matter of livestock on the public highway should be regarded as negligence per se or strict liability against the livestock owner. Such is not the law as the legislature has never placed this liability upon the livestock owner, but requires such factual situations (as the instant case) be tried on the principle of common-law negligence. We also acknowledge, as did the trial court by not submitting an injury issue, that appellants received serious, painful injuries. Injuries alone, no matter how severe, cannot be the basis for recovery.

■ Appellants had the burden to prove by the preponderance of the evidence that appellee was negligent (failed to exercise ordinary care) and, additionally, that such negligence proximately caused an occurrence which was foreseeable.

DPS Officer Kevin Gillam, who investigated the accident, testified:

(a) in his opinion, "the bull had somehow rubbed up against the—the gate and unsecured it from that hinge. . . .";

(b) although he had been investigating accidents involving escaped livestock for approximately ten years, he had never seen an accident in which an animal had knocked a gate off its hinges; and

(c) the way in which the gate was hung was familiar to him and was a common way to hang gates in the area.

Here, several witnesses testified the gates were hung in proper manner; two witnesses testified the gate was not hung properly. The testimony of the witnesses was informative, instructional, and educational on gate construction and erection.

The key liability issue in this case was whether appellee negligently hung his pipe gate. Appellants contented the hinges (or hooks) upon which the gate were hung should have been turned in opposite directions. Appellee alleged having both hinges (or hooks) pointing up was an acceptable, customary and reasonable method to hang a gate. Appellee argued a bull rubbing the

gate off its hinges was an unforeseeable event or a "freak accident." Appellants offered no other witnesses to support their theory that Burrell's gate construction was done negligently. Giving credence to all of the witnesses' testimony, we come to the conclusion that the testimony is in conflict. We therefore view the evidence based on the accepted standard of review, and find there is some evidence to support the failure to find, but also some evidence to support a negligence finding. The jury heard evidence which would have supported either a finding of negligence or no negligence. After weighing the evidence, the jury failed to find appellee was negligent. Thus, the evidence being in conflict, the jury finding is conclusive and binding on this court and this is not so contrary to the overwhelming weight of the evidence to be manifestly unjust. Therefore, we overrule points of error one and two.

In appellants' point of error three, they state "[t]he trial court erred in failing to recuse itself.

During the trial, appellants and their counsel were twice advised the appellee's lawyers leased their office space from a trust set up by Trial Judge James Mehaffy for his children and that the Judge's brother was the trustee of the trust. On December 14, 1994, the trial court informed appellants' counsel that prior to his assuming the bench he had created the trust for his children; that he had transferred ownership of the office building to the trust; that his brother was the trustee of the trust; and that the firm of Germer & Gertz were tenants in that building. Appellants elected not to request the judge's recusal. On December 15, 1995, the court, *on the record*, reminded appellants and their attorney of the prior conversation regarding the trust. Appellants chose not to file a motion to recuse during the trial, nor was there any further discussion of the matter.

Three weeks after the verdict, on January 6, 1995, appellants filed their motion to recuse or disqualify. At Judge Mehaffy's request, Presiding Judge Leonard Giblin appointed Judge Donald Floyd to hear the motion. On February 24, 1995, Judge Floyd conducted a hearing on the motion

and Judge Mehaffy testified. The only facts elicited from Judge Mehaffy at the hearing which had not been previously disclosed were the amount of rent and percentage of income the trust received from the firm. Judge Floyd overruled the motion.

There is a distinction between motions to disqualify and motions to recuse. *Gulf Maritime Warehouse Co. v. Towers*, 858 S.W.2d 556, 558 (Tex.App.—Beaumont 1993, writ denied). While grounds for *disqualification* cannot be waived and can be raised at any time, *"recusal* may be waived if not raised by proper motion." *Id.* at 559–560. Tex.R.Civ.P. 18b(5) (emphasis added) provides that:

> The parties to a proceeding may waive *any* ground for recusal after it is fully disclosed on the record.

The "abuse of discretion" standard is applicable in reviewing decisions regarding recusal. Tex.R.Civ.P. 18a(f); *Gulf Maritime Warehouse Co.*, 858 S.W.2d at 558. Appellants have not shown any facts or presented any authorities demonstrating that Judge Donald Floyd abused his discretion in overruling the motion to recuse. Accordingly, appellants' point of error three is overruled.

The judgment of the trial court is affirmed.

AFFIRMED.