Pena v. State Bar of Texas



NUMBER 13-94-303-CV



JOSE LUIS PEÑA v. THE STATE BAR OF TEXAS


On appeal from the 197th District Court


of Cameron County, Texas.



O P I N I O N



Before Justices Dorsey, Hinojosa and Rodriguez


Opinion by Justice Dorsey



 This is an appeal from a judgment disbarring appellant, Jose Luis Peña, from the
practice of law. The Grievance Committees for State Bar Districts 12A & 12B, State
Bar of Texas, filed a disciplinary suit against Peña alleging that he committed several
acts of misconduct in his professional capacity as a Texas attorney. After a bench
trial, the court entered a judgment which disbarred Peña from the practice of law and
ordered him to pay attorneys fees and restitution. Peña appeals pro se by seven points
of error. We affirm.

 The State Bar alleged three events as the bases for disciplinary action against
Peña. In the first, Policarpio Martinez retained Peña to represent him on a worker's
compensation claim that was settled for $13,152. At Peña's direction, Martinez
endorsed the settlement check and gave it to Peña. The check was deposited in
Peña's trust account, but Peña did not give Martinez the share to which he was
entitled to under the settlement agreement approved by the Industrial Accident Board. 
Eventually, Peña induced Policarpio and Eufemia Martinez to execute a release as a
condition precedent to disbursing to them $9,864.75 out of the $13,152 settlement
proceeds.

 Second, Armida Peña Gonzalez and her children retained Peña to represent them
in a wrongful-death case. Peña settled the case for $15,000, and the insurance carrier
issued a $12,500 settlement check that was the balance after deducting $2,500
previously advanced. Gonzalez and her children endorsed that check at Peña's
direction, and Peña cashed or otherwise converted the check to his own use, failing
to deposit the funds into a trust or escrow account. He did not disburse the proceeds
or account to Gonzalez or her children for the money.

 Third, the U.S. Immigration & Naturalization Service detained Francisco Estrada
at its Los Fresnos detention center. Arturo Zavala retained Peña to represent Estrada
in the immigration case and to seek Estrada's release on bond. Zavala gave Peña
$1,700 to secure the bond. Peña later informed Zavala that Estrada had been
deported. Peña agreed to refund the $1,700 to Zavala; however, he did not refund the
money despite repeated requests.

 After a bench trial on the merits, the trial court entered a judgment disbarring
Peña, ordering him to pay attorneys fees to the State Bar and restitution to the
victims. The trial court filed findings of facts and conclusions of law, and this appeal
followed.

 By point one, Peña asserts that the trial court abused its discretion by failing to
dismiss this disciplinary action, because the complaint was filed in the district court
rather than with the clerk of the Supreme Court as required by statute.

 The action against appellant was filed by the State Bar in district court on July
14, 1993, even though the Texas Rules of Disciplinary Procedure in effect at the time
provided the filing be with the Clerk of the Supreme Court. (1) These Rules of
Disciplinary Procedure became effective on May 1, 1992 and "apply prospectively to
all attorney professional disciplinary and disability proceedings commenced on or after
the effective date...." The rules repealed the previous rules relating to disciplinary
procedure embodied in the State Bar Rules, "except to the extent that they apply to
then pending disciplinary matters." Tex. R. Disciplinary P. 1.04 (1992). 

 The question is whether the action against appellant was "pending" under the
superceded rules and thus properly filed in district court, as argued by the State Bar,
or whether the complaint was subject to the new procedures established as of May
1, 1992. The State Bar asserted in its original and amended disciplinary petitions that
the complaints forming the basis of the petition were brought to the attention of the
Office of the General Counsel prior to May 1, 1992, and thus were being processed
and investigated under the old State Bar Rules.

 A case that helps to resolve this issue is State Bar of Texas v. Dolenz, 893
S.W.2d 113 (Tex. App.--Dallas 1995, writ denied). In that case, Dolenz's former
client filed a complaint against Dolenz on June 11, 1990 with the Dallas Regional
Office of the State Bar of Texas. The State Bar investigated the complaint, and on
June 13, 1991, its grievance committee held a hearing on the matter. The committee
forwarded the file to the State Bar's general counsel on June 21, 1991. On May 6,
1992 (five days after the Disciplinary Rules took effect), the State Bar filed a
disciplinary action against Dolenz. He filed a motion to dismiss it, claiming the State
Bar did not follow the mandatory procedures of the Disciplinary Rules. The trial court
granted Dolenz's motion and dismissed the action. The appellate court stated:

 Under the language of rule 1.04, disciplinary matters commenced before
May 1, 1992 are governed by the State Bar Rules. Because the
disciplinary proceeding that resulted in the disciplinary action was
commenced before May 1, 1992, we hold the State Bar Rules govern the
entire matter. The trial court erred in concluding otherwise.


Dolenz, 893 S.W.2d at 115.

 In the instant case, the State Bar asserted in its disciplinary petition and in its
first amended disciplinary petition that the complaints which formed the basis of the
petition were brought to the attention of the Office of the General Counsel prior to
May 1, 1992. We hold that these proceedings were commenced before the effective
date of the Disciplinary Rules and are subject to the procedures of the State Bar Act. 
See Tex. R. Disciplinary P. 1.04 (1992); Dolenz, 893 S.W.2d at 115. We conclude
that the court below had jurisdiction of the matter. Appellant's first point of error is
overruled. 

 By point two, appellant argues that the trial court erred in denying his motion
for summary judgment. However, the general rule is that a denial of a summary
judgment is not reviewable on appeal. Cincinnati Life Ins. Co. v. Cates, 927 S.W.2d
623, 625 (Tex. 1996); Novak v. Stevens, 596 S.W.2d 848, 849 (Tex. 1980). This
is because a denial of a summary judgment is not a final judgment. Cates, 927
S.W.2d 625; Novak, 596 S.W.2d at 849. There are a few very narrow statutory
exceptions to the general rule. See, e.g., Tex. Civ. Prac. & Rem. Code Ann. § 51.014
(Vernon Supp. 1997). None of these exceptions apply here. Appellant cannot appeal
from the order denying his motion for summary judgment. See Cates, 927 S.W.2d
at 625; Novak, 596 S.W.2d at 849. We overrule point two.

 By point three, Peña asserts that the trial court abused its discretion when it
denied his oral motion for continuance because his attorney did not appear due to
illness. Rule 251, Texas Rules of Civil Procedure, provides that a motion for
continuance needs to be supported by affidavit. No affidavit supported appellant's oral
motion for continuance. Rule 253 provides:

 Except as provided elsewhere in these rules, absence of counsel
will not be good cause for a continuance or postponement of the cause
when called for trial, except it be allowed in the discretion of the court,
upon cause shown or upon matters within the knowledge or information
of the judge to be stated on the record.


Tex. R. Civ. P. 253.

 The granting or denial of a motion for continuance is within the trial court's
sound discretion. State v. Wood Oil Distrib., Inc., 751 S.W.2d 863, 865 (Tex. 1988);
Villegas v. Carter, 711 S.W.2d 624, 626 (Tex. 1986). An appellate court will not
disturb the trial court's action unless the record discloses a clear abuse of discretion. 
Wood Oil Distrib., 751 S.W.2d at 865; Villegas, 711 S.W.2d at 626. Generally, when
movants fail to comply with Rule 251's requirement that an affidavit support the
motion for continuance, we presume that the trial court did not abuse its discretion in
denying the motion. Villegas, 711 S.W.2d at 626; Waste Water, Inc. v. Alpha
Finishing & Developing Corp., 874 S.W.2d 940, 942 (Tex. App.--Houston [14th Dist.]
1994, no writ). In Villegas, however, the supreme court held it would be unrealistic
to apply this presumption to lay litigants who without fault have their attorney
withdrawn. In that case the motion to withdraw was granted two days before the
trial, and the client learned of the attempt to withdraw only six days before the
scheduled trial.

 The trial below was held on February 14, 1994, before a visiting judge. It had
been set and passed once before. All pleadings, discovery, and motions filed for the
appellant were signed by him, and included his bar card number and the representation
that he was his own attorney. On the day of trial he filed a motion to amend his
original answer, which was granted. No other attorney's name is shown on any of
appellant's pleadings or motions as his attorney. The trial judge properly noted that
there is nothing in the clerk's file indicating that appellant was represented by any
lawyer other than himself. 

 Nonetheless, the trial judge had the lawyer who appellant had mentioned as his
absent attorney, Alberto Garcia, called and the judge spoke with him. The judge
determined that Mr. Garcia had spoken with appellant the weekend before trial and had
offered to help appellant, but he had not been hired as his attorney.

 We hold the trial judge did not abuse his discretion in overruling appellant's
unsworn oral motion for continuance. Point of error three is overruled.

 By point four, Peña asserts that the trial court clearly abused its discretion when
it denied his motion for new trial because the trial judge committed aggravated perjury. 
Peña's complaint is that the trial judge lied when he stated at the motion-for-new-trial
hearing that he had talked to Alberto Garcia on the morning of trial. Peña points to the
testimony of other witnesses, including Garcia, showing that the trial court did not
contact Garcia on the morning of trial. Peña argues that the trial court's action was,
as a matter of law, a refusal to allow him a fair trial. 

 Peña's complaint concerns a conflict about whether the judge contacted Garcia
on the morning of the trial. This conflict, standing alone, does not show that the judge
committed aggravated perjury. See Tex. Penal Code Ann. §§ 37.02-03 (Vernon
1994); McCullar v. State, 696 S.W.2d 579, 581 (Tex. Crim. App. 1985). We hold
that the trial court did not err when it overruled Peña's motion for new trial. We
overrule point four.

 By point five, Peña asserts that the trial court clearly abused its discretion when
it denied his motion to recuse. On September 30, 1994, Peña filed in this court a
"MOTION TO SUBMIT MATTER TO TRIAL COURT FOR RESOLUTION OF FACTUAL
DISPUTE." In this motion, he questions the accuracy of the statement of facts. We
issued a per curiam order in which we ordered the question submitted to the trial court
for hearing and determination. Prior to the hearing, Peña filed a motion to recuse or
disqualify the judge who had tried the case from determining the accuracy of the
record. On January 31, 1995, Judge J. Manuel Bañales heard the motion. Peña and
two other witnesses testified at the hearing.

 Lucila Ramos, Alberto Garcia's former secretary, testified that on the Friday
before trial began, Garcia reminded her that on Monday he would appear in court with
Peña. On Monday morning, Garcia informed her that he was sick. He asked her to call
the courthouse and inform Peña that he would not appear in court due to his illness. 
She did as he asked. According to her, no one called her requesting to speak to
Garcia. 

 Peña testified that he knew that Garcia was going to represent him. He gave
Garcia the files in the case. On the morning of trial, Peña appeared in court, and Raul
Martinez informed him that Garcia was sick. Peña asked for a continuance, but the
trial court began the trial.

 Yolanda Peña, Peña's wife, testified that she went to court with her husband
on the morning of trial. She did not see Judge Barlow make a call to Garcia. She said
that during the hearing on the motion for new trial, Judge Barlow talked in a loud,
strong tone of voice.

 After both sides rested, Peña's counsel argued that Judge Bañales should recuse
Judge Barlow because Judge Barlow never made a telephone call to Garcia as he had
said. Judge Bañales denied the motion to recuse, and Judge Barlow remained on the
case.

 The standard of review for denial of a motion to recuse is abuse of discretion. 
Tex. R. Civ. P. 18a(f); Merendino v. Burrell, 923 S.W.2d 258, 262 (Tex. App.--Beaumont 1996, writ denied). Rule 18b(2) provides, in relevant part, that: "A judge
shall recuse himself in any proceeding in which: (a) his impartiality might reasonably
be questioned; (b) he has a personal bias or prejudice concerning the subject matter
or a party, or personal knowledge of disputed evidentiary facts concerning the
proceeding." Tex. R. Civ. P. 18b(2)(a) & (b).

 The record shows a dispute whether Judge Barlow called Garcia on the morning
of trial. Peña's evidence suggests that Judge Barlow did not call him, and Judge
Barlow's statements at the hearing on the motion for new trial show that he did speak
to Garcia. This conflict does not meet the threshold required to recuse a judge under
rule 18b. We hold that the trial court did not abuse its discretion when it denied
Peña's motion to recuse Judge Barlow. We overrule point five.

 By point six, Peña asserts that he was deprived of a fair trial in an arbitrary
manner which is contrary to due process. Along with his main point of error, Peña
raises eighteen subpoints. He does not support these points with any meaningful
discussion of the facts and authorities necessary for us to address them.

 Rule 74(f), Texas Rules of Appellate Procedure, requires the appellant to include
such discussion in his brief along with the pertinent facts and law so that the court
can determine what complaint is being made. Tex. R. App. P. 74(f). Point of error six
does not comply with Rule 74(f); we overrule the point of error. Hollifield v. Hollifield,
925 S.W.2d 153, 155 (Tex. App.--Austin 1996, no writ); Clancy v. Zale Corp., 705
S.W.2d 820, 823 (Tex. App.--Dallas 1986, writ ref'd n.r.e.).

 By point seven, Peña asserts that, alternatively, the trial court erred and abused
its discretion when it entered judgment because there was insufficient evidence to
support the judgment. 

 Rule 74(d), Texas Rules of Appellate Procedure, provides, in relevant part:

 In civil cases, complaints that the evidence is legally or factually
insufficient to support a particular issue or finding, and challenges
directed against any conclusions of law of the trial court based upon such
issues or findings, may be combined under a single point of error raising
both contentions if the record references and the argument under the
point sufficiently direct the court's attention to the nature of the
complaint made, regarding each such issue or finding or legal conclusion
based thereon. . . .


Tex. R. App. P. 74(d). In the instant case, Peña does not argue why the evidence is
insufficient to support the trial court's findings. He also does not provide record
references to the facts that support his arguments. This point of error does not
comply with rule 74(d). We overrule point seven.

 On June 15, 1995, we issued a per curiam order requiring Peña to file his
appellate brief by July 10, 1995. On October 31, 1995, the State Bar filed a motion
to dismiss this appeal on the basis that Peña did not file his brief by that date. We
ordered the motion carried with the case. On December 8, 1995, we issued a second
per curiam order requiring Peña to file his brief by January 8, 1996. Peña filed his
brief on January 8, 1996. We overrule the motion to dismiss.

 We AFFIRM the trial court's judgment.




 

 J. BONNER DORSEY,

 Justice


Opinion ordered not published.

Tex. R. App. P. 90.


Opinion delivered and filed this

the 20th day of March, 1997.
1. Tex. R. Disciplinary P. 3.01 (1992).