

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-12-00564-CV

John J. **PARKER**,
Appellant

v.

**TEXTRON FINANCIAL CORPORATION**,
Appellee

From the 216th Judicial District Court, Kendall County, Texas
Trial Court No. 10-190
Honorable Bill R. Palmer, Judge Presiding

Opinion by:    Catherine Stone, Chief Justice

Sitting:    Catherine Stone, Chief Justice
            Marialyn Barnard, Justice
            Luz Elena D. Chapa, Justice

Delivered and Filed:  March 13, 2013

AFFIRMED

This is an appeal from a judgment against John D. Parker for a deficiency remaining on a guaranty.  The sole issue raised on appeal is that the trial court abused its discretion in denying a motion to recuse and disqualify.  We affirm the trial court's judgment.

### PROCEDURAL HISTORY

Parker signed a guaranty in connection with Textron Financial Corporation's loan to a third party.  When the third party defaulted, Textron foreclosed on the real property securing the

loan. Because a deficiency remained after the foreclosure proceeds were applied to the amount due, Textron sued Parker on his guaranty on April 15, 2010.

In December of 2010, Parker's attorney filed a motion to recuse the trial judge presiding over the underlying trial in a second, unrelated case, which was denied after a hearing held on January 5, 2011. No motion was filed in the underlying case at that time.

On January 12, 2011, Textron filed a motion for summary judgment to determine Parker's liability on the guaranty. On February 14, 2011, Parker filed a response to the motion, which he amended on May 13, 2011. On May 20, 2011, the trial court signed an order granting the summary judgment as to liability. The trial court's order did not resolve the amount of damages for which Parker was liable.

On January 12, 2012, the parties entered into an agreed scheduling order, setting a bench trial on the damages issue for April 25, 2012.[1] The trial date was later reset to June 22, 2012. On May 10, 2012, Parker filed his motion to recuse and disqualify the trial judge. The motion was referred to another judge who denied the motion after a hearing. The trial court subsequently entered judgment in favor of Textron, awarding it $7,965,724.57 in damages.

## WAIVER BY ABSENCE OF RECORD

A trial court's order denying a motion to recuse is reviewed under an abuse of discretion standard. *See* TEX. R. CIV. P. 18a(j)(1)(A); *Blackwell v. Humble*, 241 S.W.3d 707, 712 (Tex. App.—Austin 2007, no pet.). In his brief, Parker contends that a hearing on Parker's motion was held before the Honorable N. Keith Williams, and Judge Williams denied the motion. Although Parker's brief does not contain a citation to the clerk's record containing Judge Williams's order, Textron agrees in its brief that Parker's motion was referred to another judge, who held an

---

[1] Although Parker initially requested a jury trial, he later withdrew that request when Textron pointed out that the guaranty waived his right to a jury trial.

evidentiary hearing before denying the motion. No reporter's record of Judge Williams's hearing is included in our record. "Without a record of the proceedings, we cannot review [Judge Williams's] order for abuse of discretion, and nothing is presented for review." *Birnbaum v. Law Offices of G. David Westfall, P.C.*, 120 S.W.3d 470, 476 (Tex. App.—Dallas 2003, pet. denied).

### WAIVER BY DELAY IN FILING MOTION

As previously noted, Parker failed to file his motion to recuse and disqualify until almost two years after Textron initially filed its lawsuit. In addition, Parker's motion was not filed until after the trial court granted Textron's motion for summary judgment as to Parker's liability on the guaranty, leaving only the amount of damages to be awarded to be determined.

We initially note that the only grounds asserted in Parker's motion were for recusal, not disqualification. Parker argued the trial judge should be recused because his impartiality might reasonably be questioned and due to his alleged personal bias, which are grounds for recusal. TEX. R. CIV. P. 18b(b)(1), (2). Distinctions exist between motions to disqualify and motions to recuse. *Compare* TEX. R. CIV. P. 18a(g)(3)(A) *with* TEX. R. CIV. P. 18a(g)(3)(B); *see also Merendino v. Burrell*, 923 S.W.2d 258, 262 (Tex. App.—Beaumont 1996, writ denied). While grounds for disqualification cannot be waived and can be raised at any time, grounds for recusal can be waived if not timely and properly asserted. *See Horn v. Gibson*, 352 S.W.2d 511, 514 (Tex. App.—Fort Worth 2011, pet. denied); *Merendino*, 923 S.W.2d at 262.

A motion to recuse "must be filed as soon as practicable after the movant knows of the ground stated in the motion." TEX. R. CIV. P. 18a(b)(1)(A). In addition, the motion must not be filed "after the tenth day before the date set for trial *or other hearing* unless, before that day, the movant neither knew nor reasonably should have known" "that the ground stated in the motion existed." TEX. R. CIV. P. 18a(b)(1)(B)(ii) (emphasis added). In this case, Parker failed to file the

motion to recuse until after the trial judge held a hearing on Textron's summary judgment and ruled that Parker was liable on the guaranty. Accordingly, Parker waived his right to seek recusal. *See Horn*, 352 S.W.2d at 514 (motion for recusal untimely when filed after trial court heard motion for summary judgment); *Watkins v. Pearson*, 795 S.W.2d 257, 259–60 (Tex. App.—Houston [14th Dist.] 1990, writ denied) (motion for recusal untimely when filed one day before hearing on motion for summary judgment); *see also Ex parte Ellis*, 275 S.W.3d 109, 123 (Tex. App.—Austin 2008, no pet.) (party possessing information potentially requiring recusal cannot sit on the information and wait and see how the court rules).

In his motion, Parker asserts that he delayed in filing the motion until after the trial judge's rulings in the second, unrelated case provided further evidentiary support for his recusal. In Parker's motion, however, Parker makes reference to events that occurred in 2003 giving rise to grounds for the trial judge's recusal based on questionable impartiality and personal bias. Because the asserted grounds for the trial judge's recusal were known to Parker's attorney when he filed the motion in the second, unrelated case, Parker's attorney could have simultaneously filed a motion in the underlying case instead of allowing the summary judgment hearing to proceed. Moreover, the additional rulings Parker references in his motion as further support occurred during hearings held in February of 2012, which was approximately three months before Parker filed his motion to recuse. *But see* TEX. R. CIV. P. 18a(b)(1)(A) (motion must be filed "as soon as practicable" after movant knows stated grounds). Rather than filing the motion to recuse immediately after those additional rulings were made, Parker's attorney chose to wait to file the motion until approximately one month before the bench trial was to commence to resolve the damages issue.

By failing to timely file his motion to recuse as soon as practicable after Parker knew of the grounds stated in the motion, Parker waived his right to seek the trial judge's recusal.

## CONCLUSION

The trial court's judgment is affirmed.

Catherine Stone, Chief Justice