Raymond RANGEL, Appellant,

v.

The STATE BAR OF TEXAS, Appellee.

No. 04–94–00189–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 22, 1995.

Rehearing Denied March 17, 1995.

John R. Gladney, Felicia M. Sanov, Kriesner & Gladney, Austin, for appellant.

Linda Acevedo, Asst. Gen. Counsel, Office of the Gen. Counsel, Austin, Harry M. Reasoner, Dana C. Livingston, Vinson & Elkins, L.L.P., Houston, for appellee.

Before RICKHOFF, LOPEZ and STONE, JJ.

## OPINION

STONE, Justice.

The trial court disbarred the appellant on numerous grounds, including infractions relating to four different clients. The appellant brings thirteen points of error. The first point asserts that it was an abuse of discretion not to grant him a continuance. Eleven points claim the evidence was factually insufficient to support various disciplinary infractions, each of which the court found sufficient to disbar him. The thirteenth point contends the trial court abused its discretion in disbarring him for the various infractions it found. These include several infractions to which he admitted.

The appellant admitted below, and does not contest on appeal, that he failed to respond to disciplinary committee requests to appear and provide information and did not obey subpoenas for several of the grievances against him. It appears from the record that he entirely failed or refused to participate in these proceedings. We find these admitted disciplinary infractions sufficient to support the judgment of disbarment. Therefore, we affirm without reaching (1) the points claiming the evidence was factually insufficient to support the other grounds of disbarment or (2) whether it was an abuse of discretion to disbar the appellant for the infractions he did not admit. *See* TEX.R.APP.P. 90(a) (The opinion "shall be as brief as practicable but ...

shall address every issue raised and necessary to the final disposition of the appeal.); *Burkart v. Health & Tennis Corp. of Am.,* 730 S.W.2d 367, 370–71 (Tex.App.—Dallas 1987, no writ) (Court declined to review additional points when other appellate findings were dispositive.); *cf. State Bar of Texas v. Evans,* 774 S.W.2d 656, 658 n. 5 (Tex.1989) (Appellate court should have upheld the trial court's evidentiary ruling if there was any other ground for doing so.).

In his first point the appellant claims the trial court abused its discretion by denying his third motion for continuance. Whether to grant or deny a motion for continuance is within the sound discretion of the trial court. *State v. Wood Oil Distrib., Inc.,* 751 S.W.2d 863, 865 (Tex.1988); *Villegas v. Carter,* 711 S.W.2d 624, 626 (Tex.1986); *State v. Crank,* 666 S.W.2d 91, 94 (Tex.), *cert. denied,* 469 U.S. 833, 105 S.Ct. 124, 83 L.Ed.2d 66 (1984). Appellate courts will not disturb the trial court's action unless the record discloses a clear abuse of discretion. *Wood Oil,* 751 S.W.2d at 865; *Villegas,* 711 S.W.2d at 626; *Crank,* 666 S.W.2d at 94.

The appellant did not attend the hearing on his motion for continuance. His counsel presented no evidence and obtained no ruling. His attorney argued that the appellant needed to be hospitalized. He did not tell the court when any hospitalization was scheduled or explain why his client was not present to give evidence. He could not identify the appellant's ailment with certainty and admitted he had not spoken to the doctor.[1] Counsel also argued that the court should wait for the State Bar to complete additional grievance procedures against the appellant, and try those matters with the matters pending. The trial court commented that it thought it would have to deny the motion on the basis of what was before it, but gave counsel several hours to procure a witness. After a recess, counsel appeared and announced he had been unable to obtain a witness. The court then gave him several

---

1. At the motion for continuance, the appellant's counsel thought he had a kidney condition. The appellant now argues he was scheduled for back surgery on the date the trial was set, but at the hearing on his motion for new trial he stated that he was still trying to avoid having the back surgery.

days to contact a witness. Nothing in the record indicates that he ever presented the testimony of a witness regarding appellant's alleged medical need for a continuance. Appellant did present medical testimony at the motion for new trial. That testimony, however, was not before the trial court at the time the continuance was denied, and thus cannot be considered by this court in determining whether the trial court abused its discretion. Nor is there any indication that the trial court ever ruled on the continuance. A ruling on the motion was necessary to preserve any complaint on appeal. TEX. R.APP.P. 52(a); *Bushell v. Dean*, 803 S.W.2d 711, 712 (Tex.1991). Several days after the hearing on the motion for continuance, the court called the case for trial. At that time, the appellant announced "ready" and proceeded, thereby waiving the motion for continuance.[2] *See Reyna v. Reyna*, 738 S.W.2d 772, 775 (Tex.App.—Austin 1987, no writ) (Announcement of "ready" waives the right to later seek a delay based upon any facts that are, or with proper diligence should have been, known at the time of the announcement.). The first point is overruled.

The thirteenth point claims the trial court "erred and abused its discretion in finding that the proper sanction for each count of misconduct found is disbarment, as there is insufficient evidence to support said findings, and such judgment is erroneous as a matter of law." The appellant explains "that the only acts of misconduct supported by the evidence and properly shown to have been committed by Appellant are the failure to respond to the Montez, Travieso, Schuler and Dimas complaints." We address point thirteen only as it applies to these admitted infractions.

■ The failure to respond to grievance committee requests to provide information in connection with disciplinary actions clearly warrants disciplinary action. Tex. Bar Rules of the Supreme Court of Texas, Art. X, § 7(4); TEX. DISCIPLINARY R. PROF. CONDUCT 8.01(b); 8.04(a)(1); *State Bar of Texas v. Roberts*, 723 S.W.2d 233 (Tex.App.—Houston 1986, no writ); *see* ROBERT P. SCHUWERK & JOHN F. SUTTON, A GUIDE TO THE TEXAS DISCIPLINARY RULES OF PROFESSIONAL CONDUCT 456 (1990).

■ The judgment of a trial court in a disciplinary proceeding may be so light or so heavy that it is an abuse of discretion. *State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex.1994). Nevertheless, the trial court has broad discretion to determine whether an attorney guilty of professional misconduct should be reprimanded, suspended, or disbarred. *Id.* In determining the appropriate sanction for attorney misconduct, a trial court must consider the factors set forth in TEX.R. DISCIPLINARY P. 3.10. *Id.* Among those factors are the nature and degree of the sanctioned misconduct, the seriousness of the misconduct and the surrounding circumstances, the damage to the profession, the avoidance of repetition, the deterrent effect on others, the maintenance of respect for the legal profession, the conduct of the respondent during the course of the committee action, and the trial of the case.

■ The record reflects the appellant flagrantly disregarded the entire grievance committee process.[3] The outright refusal in four proceedings to acknowledge the power of the bar to regulate its members, with no justifying circumstances, was serious misconduct. Allowing complaining clients to see lawyers fail to respond to disciplinary proceedings without any serious consequence to the attorney could seriously damage the credibility of the profession and its ability to police itself. Needless to say, appellant's failure to respond warranted serious discipline to maintain respect for the profession.

2. At his motion for new trial he claimed he had been unable to assist his counsel in his defense, but he never raised this issue until after trial. The record of his testimony during his disbarment appears coherent, and appellant testified that he had everything physically under control and was able to competently practice law. In any case, appellant waived this issue by failing to raise it at the appropriate time.

3. We express no opinion on whether disregard of fewer proceedings, or failure to provide information under different circumstances, would support disbarment. This is primarily an area for the discretion and fact-finding function of the trial court, and must be reviewed with great deference on a case-by-case basis.

Disbarment was appropriate to avoid further repetition after disregard of four different proceedings, and to deter other attorneys from similarly refusing to respond to requests for information in connection with disciplinary proceedings. His conduct during the committee proceedings, disregarding information requests and subpoenas, was simply unacceptable. His conduct in connection with the trial involved failure to timely and completely respond to discovery, and apparently an attitude of being "above" the whole process.[4] Accordingly, we conclude the court did not abuse its discretion in disbarring the appellant for failing to respond. The thirteenth point of error, as it applies to the admitted disciplinary infractions, is overruled. The judgment of the trial court is affirmed.

---

4. At the motion for new trial, the judge announced his ruling as follows: Throughout the history of this case, Mr. Rangel has had very competent counsel. I can't avoid concluding that he did not cooperate with his counsel from the fact that he did not respond to any discovery, he did not—over a long period of time, he did not provide his counsel with any assistance, and he exhibits a picture of simply being above the State Bar Act and above the law. In other words, he did not need to respond to this action. And only after he has lost his license, does he finally hear his lawyer say to him, "You must respond to this proceeding. This is real."