**Eileen D. FLUME, Appellant,**

v.

**STATE BAR OF TEXAS, Appellee.**

**No. 04–95–00916–CV.**

Court of Appeals of Texas,
San Antonio.

Jan. 14, 1998.

Rehearing Overruled April 1, 1998.

Eileen D. Flume, San Antonio, for appellant.

Linda Acevedo, Steven W. Young, Office of General Counsel, Austin, for appellee.

Before RICKHOFF, LÓPEZ and ANGELINI, JJ.

## OPINION

LÓPEZ, Justice.

The State Bar of Texas brought a disciplinary proceeding against appellant, Eileen D. Flume, for her actions in obtaining and enforcing a temporary restraining order (TRO) for a client. A jury found that Flume violated disciplinary rules 4.01(a)[1] and 8.04(a)(3)[2] and the district court imposed sanctions, including a probated public reprimand. Flume appeals the judgment of the trial court. In fourteen points of error, Flume argues that (1) the trial court erred in failing to dismiss or abate the action; (2) the trial court improperly excluded video tape evidence of the panel hearing; (3) there is insufficient evidence to support the jury findings; (4) the incorrect burden of proof was submitted to the jury; (5) the trial court erred in imposing sanctions; and (6) the State Bar should not be allowed to receive and prosecute grievances filed by a judge. We affirm the judgment of the trial court.

### Factual Background[3]

On October 8, 1991, Greta Ringel retained Eileen Flume to handle her divorce.

---

**1.** "In the course of representing a client a lawyer shall not knowingly: (a) make a false statement of material fact or law to a third person." SUPREME COURT OF TEXAS, STATE BAR RULES, art. X, § 9, TEX. DISCIPLINARY R. OF PROF. CONDUCT 4.01(a) (1990) (located in the supplementary pamphlet for Volume 3 of the Texas Government Code in title 2, subtitle G app., following § 83.006 of the Government Code)[hereinafter TEX. DISCIPLINARY R. OF PROF. CONDUCT].

**2.** " A lawyer shall not: ... (3) engage in conduct involving dishonesty, fraud, deceit or misrepresentation." TEX. DISCIPLINARY R. OF PROF. CONDUCT 8.04(a)(3).

**3.** Flume's recitation of the "Statement of the Nature and Result of the Case" is largely unsupported by any record references. Further, she includes references to matters which are wholly outside the record and therefore completely unsubstantiated. Appellee has challenged her version of the statement of facts in its brief. We agree that Flume's brief fails to meet the requirements of former appellate rule of procedure 74(f).

Flume's secretary conducted an intake interview which included a tape recording of Ringel's husband making threats. Flume surmised that the husband had a contract out on Ringel, and, sometime during the next four days, prepared a petition for divorce and a temporary restraining order (TRO). On October 11, 1991, following a practice common in Bexar County, her secretary called the non-jury setting clerk to obtain a proposed setting for a hearing on the proposed protective order. The date for this setting was inserted in the proposed TRO. Flume arrived at the courthouse at the close of business for the day and was unable to find a district judge to sign the TRO. Flume went to the district clerk's office, filed the petition for divorce and the unsigned TRO. She also obtained file-stamped copies of these two documents and had them served on Mr. Ringel upon his arrival at the San Antonio airport on that same date.

When Mr. Ringel arrived at the Ringel house, the neighbors called the police. Flume told the police officers by telephone that the TRO had not yet been signed by a judge, but she requested that the officers exercise their authority to keep the peace. The husband called his attorney, who advised him to stay away from the house. Mr. Ringel spent the night at his son's residence.

Flume obtained a valid TRO, signed by Judge Michael Peden, on October 15, 1991. The TRO hearing was set for October 24, 1991 because, by that time, no hearing dates were available for October 23. It is disputed whether either Mr. Ringel or his attorney received notice of this hearing date. In any event, Mr. Ringel and his counsel appeared in court on October 23. When their case was not called on the docket, they went to the clerk's office, discovered that the TRO, although served on the 11th, was not signed until the 15th. They also noted that the hearing date was set for the 24th instead of the 23rd. When Mr. Ringel and his attorney brought this to Judge Peden's attention, he dropped the setting for the 24th, due to lack of proper notice, and dissolved the TRO. On October 24, Flume and her client, Mrs. Ringel, arrived in court for the hearing on the protective order and learned that the setting had been dropped.

Judge Peden filed a complaint against Flume with the State Bar local grievance committee. At the grievance hearing, Flume requested subpoenas be issued to the two police officers who were called to the Ringel home to keep the peace; however, no subpoenas issued. Flume appealed the findings of the grievance committee and a trial *de novo* ensued. The jury returned a verdict in favor of the State Bar on two of four questions submitted. The jury found that in connection with the TRO, Flume knowingly made a false statement of material fact to a third person and engaged in conduct involving deceit, dishonesty, fraud, and misrepresentation. Based on the verdict, the trial court found violations of Rules 4.01(a) and 8.04(a)(3) of the Texas Disciplinary Rules of Professional Conduct and entered a judgment of a probated public reprimand. Flume appealed.

### The Motion to Dismiss and Plea in Abatement

In points of error one and two, Flume asserts that the trial court erred in denying her motion to dismiss, or in the alternative, her plea in abatement, due to numerous procedural errors. Flume contends that the lawsuit was wrongfully brought in the name of the State Bar of Texas and that the grievance committee improperly handled the initial complaint by excluding evidence from the committee members and conducting a vote without a quorum. Flume argues that because the mandatory rules on processing complaints were not followed, her attorney told her the complaint was dismissed, and because a quorum of the panel members did not hear evidence, the trial court should have dismissed the action.[4]

This case is governed by Article X of the State Bar Rules as they existed prior to the changes made May 1, 1992. *See State Bar of Texas v. Dolenz*, 893 S.W.2d 113, 115

---

4. Flume also makes several additional allegations concerning lost documents. These allegations lack reference to any support in the record.

(Tex.App.—Dallas 1995, writ denied). The State Bar properly named and brought suit against Flume. *See id.* At the time the complaint was filed, the grievance committee investigations were carried out by panels which made recommendations to the entire committee. A quorum of the panel heard evidence and a majority of the entire committee—12 of 18 members—reviewed the entire file and voted on the panel's recommendation. *See* State Bar Rules, art. X, § 4c.

▆ The grievance committee is vested with a great deal of discretion in conducting an investigatory hearing. A grievance committee is not required to hold an evidentiary hearing, unless requested by the respondent. *See id.* at art. X, § 10(E). Flume did not request a hearing. She testified that she assumed that requesting witnesses to be subpoenaed was tantamount to requesting a hearing. However, no written requests for the subpoenas are in evidence.[5] Nevertheless, the grievance committee heard testimony from at least two, and possibly three of the four witnesses Flume sought to present. Flume was also permitted to proffer evidence she anticipated such witnesses, if called to testify, would present to the committee. The actions of the grievance committee in the case with regard to the determination of what evidence it would hear was clearly within its discretion.

▆ Actions taken by the grievance committee are not accorded finality; therefore, due process does not attach. *See Minnick v. State Bar of Texas,* 790 S.W.2d 87, 90 (Tex. App.—Austin 1990, writ denied). The decision of the grievance committee regarding the complaint against Flume had no finality absent Flume's consent. *See id.* Because Flume did not accept the decision of the committee, the State Bar filed suit and a trial *de novo* was held in district court according Flume due process. *See* State Bar Rules, art. 10, § 14(D); *Munson v. State,* 576 S.W.2d 440 (Tex.Civ.App.1978, writ ref'd n.r.e.).

▆ Flume's complaints about trial court rulings are made without proper support in her brief. *See* former TEX.R.APP. P. 74(f), now TEX.R.APP. P. 38(h). Her assertions that her due process rights were violated because her trial lawyer told her the complaint had been dismissed contain no references to the record and, more importantly, are irrelevant to any action the court took. Her complaint of error for the trial court's failure to review *in camera* the videotape of the entire grievance committee hearing fails to establish how any portions not reviewed by the trial court had any bearing on the issues before the court. The trial court did review the portion of the hearing concerning any request for a subpoena. Flume failed to offer the tape during the trial on the merits and has waived any error on this issue on review. Flume's first two points of error are overruled.

## Determining the Relevance of Evidence

▆ In point of error three, Flume asserts that the trial court erred in excluding portions of the video tape of the grievance hearing, thereby depriving her of her constitutional and due process rights. The State Bar argues that the testimony on the videotape that was not allowed is irrelevant because it only involves that committee's requirement of a quorum. The portion on whether to subpoena witnesses was viewed by the jury. The State Bar points to the testimony of Margaret Reaves, Regional Counsel for the State Bar of Texas, where she states that the committee is vested with discretion to determine what evidence is relevant to a determination of the case. We agree. *See* State Bar Rules, art. X, § 10(E). Flume's third point of error is overruled.

## Sufficiency of the Evidence

Flume next contends that the evidence was legally and factually insufficient to support the jury's findings and the judgment, that the trial court and the argument of the State Bar's counsel wrongly instructed the jury on the burden of proof, and that to find an

---

5. Flume argues in her brief that her written requests for the subpoenas are "missing" from the record. The record does note, however, that

no such written requests appear in the grievance committee file.

intentional violation of the disciplinary rules, the jury should have been instructed that the burden of proof is "clear and convincing evidence." Flume also asserts that the trial court erred in failing to disregard the negative jury findings, indicating insufficient evidence to submit the issues to the jury. The State Bar cites references in the record to testimony in support of its assertion that the facts, as set forth above, establish that Flume clearly intended to enforce an invalid TRO against Ringel.

Disciplinary actions are civil in nature and governed by the preponderance of the evidence standard of proof. *See id.* at art. X, § 16(B) & (C); *see also* Tex.R. Disciplinary P. 3.08(C). When determining a legal sufficiency point, we must consider only the evidence and inferences which tend to support the findings of the fact finder and we must disregard all evidence and inferences to the contrary. *See Davis v. City of San Antonio,* 752 S.W.2d 518, 522 (Tex.1988). When determining a factual sufficiency point, on the other hand, we consider and weigh all the evidence supporting and contrary to the challenged finding. *See Lofton v. Texas Brine Corp.,* 720 S.W.2d 804 (Tex.1986). The findings below should be set aside only if the evidence is so weak that the finding is clearly wrong and manifestly unjust. *See Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986). It is not our role to act as fact finder, to pass on the credibility of the witnesses, or to substitute our judgment for that of the fact finder below. *See In re King's Estate,* 150 Tex. 662, 244 S.W.2d 660 (1951).

### A. *Knowing false statement to third person*

It is unethical not only to mislead the court, but also to intentionally mislead opposing counsel or another party.[6]

■ In her fourth and fifth points of error, Flume claims there is no, or alternatively, insufficient evidence she knowingly made a false statement of material fact to a third

person because the hearing date on the unsigned order "was a true statement when delivered in good faith and there was no evidence that a change in the date of a hearing is misconduct." This argument is fundamentally flawed because until the TRO setting a hearing date is actually signed by the judge, there is no operative date for the hearing. When one calls the non-jury setting clerk to get a hearing date, one is only asking for a proposed available date. It is nothing more than that until it is approved by the judge. Only when an order is signed does it become operative. Thus, serving a file-stamped—albeit unsigned—order which contains a hearing date can be misleading to one who is served with legal papers. Flume knew that a hearing date on a TRO was not valid until signed by a judge. She attached her business card to the divorce papers to be served. There was a notation on her card warning Mr. Ringel not to enter his house and to either call her or have his lawyer call her. One of the officers who met him at the house testified that Flume wanted him to use all of the authority that he had to keep Mr. Ringel out of the house. All of these circumstances led Mr. Ringel's attorney to surmise that a district judge had signed the original which was filed with the district clerk. It is an all too common and unfortunate practice among the local practicing bar to serve unsigned motions with fiats setting hearing dates. The recipient has come to assume that the motion is properly signed by the attorney of record and that the fiat is properly signed by the presiding judge. In such a situation, it clearly *is* misleading to serve a file-stamped, unsigned order. Mr. Ringel's attorney, thus, advised his client to abide by the TRO, thinking it to be valid. We find the evidence legally sufficient to support the jury verdict on special issue no. 2. Flume's fourth point of error is overruled.

The evidence tending to contradict the jury's finding comes principally from Flume's own testimony. She testified that she told

---

**6.** *See* Barbara Hanson Nellermoe and Fidel Rodriguez, Jr., *Professional Responsibility and the Litigator: A Comprehensive Guide to Texas Disciplinary Rules 3.01 Through 4.04,* 28 St. Mary's L.J. 443, 490 (1997); Tex. Disciplinary R. of Prof. Conduct 4.01; *see also Bernal v. State,* 930 S.W.2d 636, 640–41 (Tex.App.—Corpus Christi 1996, writ ref'd) (finding that attorney complied with Rule 4.01 by truthfully answering client's sister's question as to whether her brother could testify without attorney, since attorney told client he could invoke his Fifth Amendment privilege).

everyone involved that the TRO was not signed, that it was never used against Mr. Ringel, and that the police knew it wasn't enforceable. At least one of the officers corroborated the fact that they knew the TRO was invalid at the time they met Mr. Ringel at his house. Flume also testified that she told Ringel's attorney about the change of hearing date on the telephone, something he stated he does not recall. Flume also admitted that she had the invalid TRO and divorce petition served on Mr. Ringel "to slow him down." It was the jury's role to pass on the credibility of this testimony, and we cannot substitute our own judgment for that of the fact finder below. We find the evidence factually sufficient to support the jury's findings. Flume's fifth points of error is overruled.

## B. *Engaging in Deceit, Dishonesty, Fraud, and Misrepresentation*

[T]rickery and deceit can not **and will not** be tolerated by the Courts of the State of Texas.[7]

■ Flume's sixth and seventh points of error assert legal and factual insufficiency to support the jury's finding that she engaged in conduct involving deceit, dishonesty, fraud, and misrepresentation. Her eighth and ninth points of error argue that the standard of proof and opposing counsel's argument were submitted to the jury improperly and that the trial court erred in failing to disregard the negative jury findings as they were against the great weight and preponderance of the evidence. When we review a motion for judgment notwithstanding the verdict, we must consider only the evidence and the reasonable inferences that support the jury's answers. *See Haynes & Boone v. Bowser Bouldin, Ltd.*, 896 S.W.2d 179, 182 (Tex. 1995).

The jury affirmatively found that Flume knowingly made a false statement of material fact to a third person and engaged in conduct involving deceit, dishonesty, fraud, and misrepresentation. The evidence is undisputed that Flume obtained a file-stamped copy of

an unsigned TRO on October 11, 1991, filled in the date for a hearing for October 23, 1991, and had a process server deliver this document with a file-stamped copy of a petition for divorce to Mr. Ringel as he arrived from an out-of-town trip at the San Antonio airport. As a licensed attorney, Flume knew that she was serving a non-lawyer an ineffective TRO containing a hearing date. She, nevertheless, did so with the intention "to slow him down." Further, Flume had attached her business card to these documents and written a notation not to attempt to enter the house, but, rather, to call her or have his lawyer call her. When Mr. Ringel arrived at his house, he was met by police officers. One of the officers testified that Flume had told him to use all of the authority he had to keep the peace under these circumstances. Furthermore, the manner of service and the file-stamped documents, one of which contained a hearing date, led Mr. Ringel's attorney, when contacted by telephone, to believe that his client had been served with a valid TRO. Mr. Ringel was advised to and did spend the night with his son.

Flume obtained a signed TRO on October 15, 1991 but never served it on Mr. Ringel or his attorney. The evidence was disputed as to what Flume told Mr. Ringel's attorneys regarding the status of the TRO, the change in hearing dates, and whether his attorney had agreed to pick up a copy of the October 15th TRO at the courthouse rather than require Flume to effect proper service of the order. Mr. Ringel's attorneys prepared for and presented their client at docket call on October 23—professional conduct which tends to support their contention that they had no notice that the hearing date had been changed to the 24th. We find this evidence more than sufficient to support the jury's answers. Flume's sixth through ninth points of error are overruled.

## Improper Jury Argument

■ Flume asserts, in point of error ten, that arguments made by the State Bar

---

7. *Cap Rock Elec. Coop., Inc. v. Texas Util. Elec. Co.*, 874 S.W.2d 92, 98 (Tex.App.—El Paso 1994, no writ) (emphasis in the original opinion).

were false and were intended to cause and did cause rendition of an improper verdict.[8] Although Flume's point apparently concerns a reference to "fraud" in opposing counsel's argument to the jury, she fails to set out the specific language she finds objectionable. Flume's argument on this point fails to make any appropriate citations to the record in support of this point. She also fails to direct the court to any references to the evidence presented to the jury that would illustrate how counsel's reference to fraud during argument constituted error. This Court has no duty to search a voluminous record without guidance from appellant to determine whether an assertion of reversible error is valid. *See Stevens v. Stevens*, 809 S.W.2d 512, 513 (Tex.App.—Houston [14th Dist.] 1991, no writ); *Most Worshipful Prince Hall v. Jackson*, 732 S.W.2d 407, 412 (Tex.App.—Dallas 1987, writ ref'd n.r.e.). Instead, the burden is on appellant to demonstrate the record supports her contentions and to make accurate references to the record to support her complaints on appeal. *See Casteel–Diebolt v. Diebolt*, 912 S.W.2d 302, 305 (Tex.App.—Houston (14 Dist.) 1995, no writ)The failure to cite to relevant portions of the trial court record waives appellate review. *See Tacon Mechanical Contractors v. Grant Sheet*, 889 S.W.2d 666, 671 (Tex.App.—Houston [14th Dist.] 1994, writ denied).

Flume's argument does cite (albeit inaccurately) to at least one case which discusses misrepresentation and fraud. *See State Bar of Texas v. Faubion*, 821 S.W.2d 203 (Tex. App.—Houston [14th Dist.] 1991, writ denied). In *Faubion*, the court found that the attorney had committed a material misrepresentation when he continued to use firm stationary indicating he was board certified after his certification had expired. *Id.* at 206. The case was reviewed under the former Code of Professional Responsibility. In a footnote, the Houston Court of Appeals stated that an allegation of a violation of DR 1–102(A)(5), now included in Disciplinary Rule 8.04(a)(3), would require proof of the elements of common law fraud, in particular,

reliance and injury by a third party. *See id.* at 206–07 & n. 4.

Flume's complaint focuses solely on opposing counsel's references to fraud in closing argument when, in Flume's view, no testimony of fraud had been elicited from any witness. She denies any evil motives stating, "At all times she told all involved the truth as she knew it at the time." The State Bar plead several disciplinary rule violations, including 8.04(a)(3). Question No. 4 was divided into four parts, seeking separate findings as to deceit, dishonesty, fraud, and misrepresentation. The jury returned affirmative findings as to each of the four types of misconduct. Flume does not assert error as to the pleadings or the jury charge. However, an affirmative finding of any one part of Question No. 4 would support a judgment of misconduct under 8.04(a)(3). *See id.* Point of error number ten is overruled.

### The Discipline Imposed

When a jury has found conduct by an attorney which violates our professional standards, the discipline imposed by a trial court is a matter left to the sound discretion of that court. *See* Tex. r. Disciplinary P.3.09; *State v. Ingram*, 511 S.W.2d 252 (Tex.1974). The trial court has broad discretion to determine whether the attorney should be reprimanded, suspended, or disbarred. *See State Bar of Texas v. Kilpatrick*, 874 S.W.2d 656, 659 (Tex.), *cert. denied*, 512 U.S. 1236, 114 S.Ct. 2740, 129 L.Ed.2d 860 (1994); *Rangel v. State Bar of Texas*, 898 S.W.2d 1, 3 (Tex.App.—San Antonio 1995, no writ). In determining the appropriate sanction for attorney misconduct, a trial court must consider the factors set forth in Texas Rule of Disciplinary Procedure 3.10. Among those factors are the nature and degree of the sanctioned misconduct, the seriousness of the misconduct and the surrounding circumstances, the damage to the profession, the assurance that future clients will be insulated from this type of professional misconduct, the avoidance of repetition, the deterrent effect on others, the

---

**8.** The State Bar's brief asserts that Flume failed to bring a sufficient record of such argument to this court for review. Volume 8 (of 10) of the

partial statement of facts, filed on April 16, 1996, contains plaintiff's closing arguments.

maintenance of respect for the legal profession, the conduct of the respondent during the course of the committee action, and the trial of the case. *See id.*

Flume received a probated public reprimand as was provided under article X, section 23(B) and (C).[9] This section also permits the trial court to enter any other orders which are necessary to protect the public and the disciplined attorney's clients. *See id.* at § 23(C). The trial court included in its terms of probation that Flume be monitored by a mentor selected by counsel for both parties and approved by the court to guide Flume in her practice of law, to insure that she complied with the Rules of Professional Conduct, and to occasionally accompany her to court and review her cases. She contends that the imposition of a mentor is unconstitutional, but fails to provide supportive authority, and has, therefore, waived this point. *See* Tex.R.App. P. 38.1(h). We do not find the imposition of a mentor to be an abuse of discretion given Flume's consistent failure to communicate clearly, in an accurate and timely manner, to the opposing party and his counsel the status of any proceedings she was instigating on behalf of her client. Point of error number twelve is overruled.

Flume also argues that the imposition of attorney's fees was improper because the award is not supported by the pleadings and no issue on fees was submitted to the jury. This argument is totally without merit. The State Bar Rules authorize an award of attorney's fees in disciplinary actions. See State Bar Rules, art. X, § 8(7) (1988); *Hanners v. State Bar of Texas*, 860 S.W.2d 903, 912 (Tex.App.—Dallas 1993, writ dism'd). The State Bar included a request for costs of court and attorney's fees in the prayer of its first amended original petition. Attorney's fees were imposed by the court as a sanction and the court heard testimony supporting the necessity and reasonableness of fees during the punishment phase of the trial following the jury's finding of misconduct. *See* State Bar Rules art. X, § 8(7); *see also* Tex. R. Disciplinary P. 1.06(T). The court may, in its discretion, hold a separate evidentiary hearing and take evidence on these issues. *See id.* at 3.10. This it did. Point of error number eleven is overruled.

In her last point of error, Flume asserts that it is unconstitutional for the State Bar of Texas to accept grievances from judges due to an inherent conflict of interest. Flume failed to present this argument to the trial court and, therefore, the issue is not preserved for review. *See* Tex.R.App. P. 52(a). In sum, all points of error are overruled and the judgment of the trial court is affirmed.

---

9. Under the State Bar Rules in effect at that time, the probation of a public reprimand was allowed. The current rules, however, do not allow for this sanction. *See* Tex.R. Disciplinary P. 1.06(T).