**AFFIRM; and Opinion Filed July 28, 2014.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-13-00207-CV

**WALTER O. PURICELLI AND TERREE L. PURICELLI, Appellants**
**V.**
**SAXON MORTGAGE SERVICES, INC. AND**
**THE BANK OF NEW YORK MELLON,**
**AS SUCCESSOR TRUSTEE UNDER**
**NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-1, Appellees**

**On Appeal from the 101st Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. 11-12790-E**

## MEMORANDUM OPINION

Before Justices Lang, Myers, and Brown
Opinion by Justice Brown

Appellants Walter O. Puricelli and Terree L. Puricelli sued appellees Saxon Mortgage

Services, Inc. and the Bank of New York Mellon, as successor trustee under Novastar Mortgage

Funding Trust, series 2005-1 (BONY), after appellees initiated foreclosure proceedings on the

Puricellis' property. The trial court granted summary judgment in favor of Saxon and BONY.

In two points of error, the Puricellis contend the trial court erred in granting summary judgment

because fact issues exist and in sustaining Saxon and BONY's objections to their summary

judgment evidence. For reasons that follow, we affirm the trial court's judgment.

On March 4 2005, Walter Puricelli signed an adjustable rate note, borrowing $205,650

from Novastar Mortgage, Inc. to purchase real property in Irving, Texas. The note was secured

by a deed of trust on the property, signed by both Puricellis. The deed of trust named Mortgage Electronic Registration Systems, Inc. (MERS) as beneficiary and provided that MERS had the right to foreclose and sell the property. In 2007, servicing of the Puricellis' loan was transferred from Novastar to Saxon. On July 26, 2011, MERS executed an assignment of the deed of trust. The document granted, assigned, and transferred all rights accrued and to accrue under the loan agreement to BONY, c/o Saxon. The assignment was signed by Antoinette L. Campbell as Vice President of MERS.

At some point, the Puricellis fell behind on their mortgage payments. On August 25, 2011, Saxon sent the Puricellis formal notice of acceleration of the debt and notice of a substitute trustee's sale on October 4, 2011. The Puricellis filed their original petition in this case less than three hours before the foreclosure sale was to take place.

In their original petition, the Puricellis alleged that the assignment of the deed of trust from MERS to BONY dated July 26, 2011 is void. The Puricellis contended that MERS and Campbell, signing as an officer of MERS, lacked capacity to execute the assignment. As a result, they alleged that a July 26, 2011 appointment of a substitute trustee was "made without capacity by either Defendant" and that notice of the substitute trustee's sale was "given without capacity." Further, the Puricellis asserted that a limited power of attorney executed by BONY to Saxon is invalid because it was not properly recorded. Based on these alleged defects, the Puricellis maintained that at the time notice was given of the acceleration and trustee's sale, BONY was not the mortgagee and Saxon was not the mortgage servicer. They alleged a cause of action for filing a fraudulent lien under section 12.001 of the civil practice and remedies code, violations of section 392.301(a)(8) of the Texas Debt Collection Act (TDCA) because appellees threatened to take specific actions prohibited by law, and a claim for wrongful foreclosure. They sought a declaration that any substitute trustee's deed executed pursuant to a foreclosure sale is

–2–

void. They also sought an injunction to prevent the foreclosure sale from going forward. The trial court granted a temporary restraining order prohibiting appellees from effecting any trustee's sale or any action seeking to take possession of the property.

Saxon and BONY filed separate, but similar, hybrid motions for traditional and no-evidence summary judgments. As traditional summary judgment grounds, Saxon asserted that the Puricellis' allegation that there were defects in the assignment of the deed of trust was of no legal consequence because Saxon as mortgage servicer was not required to be the owner or holder of the note to foreclose. BONY also asserted that any defects in the assignment were inconsequential because BONY was the owner and holder of the note. In addition, both appellees asserted 1) the Puricellis lacked standing to challenge the assignment of the deed of trust; 2) the Puricellis' claims based on recordation of the power of attorney fail; 3) the claim for a fraudulent lien instrument fails as a matter of law; 4) the TDCA claim fails as a matter of law; and 5) the wrongful foreclosure claim fails because there has been no foreclosure.

As no-evidence grounds for summary judgment, appellees asserted the Puricellis had no evidence to support the one allegation underlying all their claims, namely that Campbell did not have capacity to execute the assignment of the deed of trust or that MERS lacked capacity to assign the deed of trust to BONY. In addition, Saxon and BONY moved for a no-evidence summary judgment on various elements of all causes of action the Puricellis asserted. Regarding the fraudulent lien claim, they asserted there was no evidence that appellees 1) made, presented, or used a document with knowledge it was a fraudulent lien, 2) intended that the document be given legal effect, or 3) intended to cause the Puricellis physical injury, financial injury, or mental anguish. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 12.002(a) (West Supp. 2013). And Saxon and BONY moved for summary judgment on the Puricellis' TDCA claim on grounds they had no evidence 1) appellees were acting as a debt collector as defined by the TDCA, 2)

appellees threatened to take an action prohibited by law, 3) appellees lacked authority to serve notice of default and foreclosure, 4) the notice did not comply with the requirements of the property code, or 5) the lien instrument was invalid. *See* TEX. FIN. CODE ANN. § 392.301(a)(8) (West 2006). On the Puricellis' wrongful foreclosure claim, Saxon and BONY moved for summary judgment on grounds the Puricellis had no evidence 1) foreclosure occurred, 2) there was a defect in the foreclosure sale proceeding, or 3) there was a causal connection between any defect and a grossly inadequate selling price. *See Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App.—Corpus Christi 2008, no pet.). Appellees also contended the Puricellis had no evidence to support their claim for injunctive relief.

In its final judgment, the trial court sustained Saxon and BONY's objections to the Puricellis' summary judgment evidence. The judgment stated that the court considered Saxon and BONY's traditional and no-evidence motions for summary judgment and that it granted the motions for summary judgment.[1]

In their first point of error, the Puricellis contend the trial court erred in granting summary judgment in favor of Saxon and BONY because fact issues exist on each element of each claim. In the argument in their brief, however, the Puricellis fail to challenge all of the grounds upon which the trial court could have granted summary judgment. Specifically, they have failed to address all of the no-evidence grounds presented by appellees.

We review the trial court's summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005). When a party has moved for summary judgment on both traditional and no-evidence grounds, we typically first review the propriety of the summary judgment under the no-evidence standard. *See* TEX. R. CIV. P. 166a(i); *Ford Motor Co. v.*

---

[1] In their appellate brief, the Puricellis refer to this as a death penalty sanctions case in which the trial court dismissed their case with prejudice as a sanction without considering the merits. There is nothing in the record to indicate the court dismissed the case as a sanction.

*Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004); *Rico v. L-3 Commc'ns Corp.*, 420 S.W.3d 431, 438-39 (Tex. App.—Dallas 2014, no pet.).  A no-evidence motion for summary judgment under rule 166a(i) must challenge specific elements of the opponent's claim or defense on which the opponent will have the burden of proof at trial.  TEX. R. CIV. P. 166a(i).  The opponent must then present summary judgment evidence raising a genuine issue of material fact to support the challenged elements.  *Id.*; *Rico*, 420 S.W.3d at 438.  Should we determine summary judgment was appropriate under the no-evidence standard, we need not address issues related to the traditional summary judgment motion.  *Rico*, 420 S.W.3d at 439.

If the trial court does not specify the basis for granting a summary judgment, the appealing party must challenge all the grounds that support the judgment.  *Star-Telegram, Inc. v. Doe*, 915 S.W.2d 471, 473 (Tex. 1995).  In other words, we will affirm the summary judgment as to a particular claim if an appellant does not present argument challenging all grounds on which the summary judgment could have been granted.  *Berthelot v. Brinkmann*, 322 S.W.3d 365, 370 (Tex. App.—Dallas 2010, pet. denied); *see Malooly Bros., Inc. v. Napier*, 461 S.W.2d 119, 121 (Tex. 1970).

The trial court's judgment does not specify the basis on which it granted summary judgment.  Thus, the Puricellis were required to present argument on appeal challenging all grounds on which summary judgment could have been granted.  *See Berthelot*, 322 S.W.3d at 370.  The Puricellis make two major arguments, both of which relate to appellees' traditional motions for summary judgment.

First, the Puricellis contend the assignment of the deed of trust and/or appointment was invalid because the power of attorney was not recorded.  This is in response to appellees' traditional ground for summary judgment asserting the Puricellis' claims based on recordation of the power of attorney fail.  Second, the Puricellis complain of alleged defects in appellees'

–5–

affidavit proof in support of their traditional motions for summary judgment. The heart of this argument is that two affidavits offered by Saxon and BONY in support of their motions for summary judgment were conclusory and inconsistent and therefore summary judgment was inappropriate. Saxon attached the affidavit of William Ferguson, an assistant vice president at Saxon, to its motion for summary judgment. In support of its motion for summary judgment, BONY incorporated all of Saxon's summary judgment evidence and also relied on the affidavit of Howard Handville, a loan analyst for Ocwen Loan Servicing, which took over servicing the loan in 2012. Both Ferguson and Handville attached a copy of the note to their affidavits, and there are differences between the two copies.

The Puricellis' brief refers to appellees' no-evidence grounds for summary judgment only once on page twenty-nine: "Appellees should be precluded from employing [the Handville and Ferguson affidavits] to support their claims for summary judgment on either a traditional or no-evidence basis." The Puricellis do not argue that they presented their own evidence that overcomes each of appellees' no-evidence grounds. They do refer once to the deposition of William Hultman, secretary of MERS, which was attached to their summary judgment response, to show Campbell did not have authority to make the assignment. But Saxon and BONY objected to this evidence, and the trial court sustained the objections. Even if the trial court had considered this evidence, the Puricellis do not argue that it raised a genuine issue of material fact on all the challenged elements of their causes of action. Because they have not challenged on appeal all possible grounds upon which summary judgment could have been granted, we overrule the Puricellis' first point of error.

In their second point of error, the Puricellis contend the trial court erred in sustaining Saxon and BONY's objections to Hultman's deposition. This point presents nothing for our review. The rules of appellate procedure provide that an appellant's brief must contain a clear

and concise argument for the contentions made, with appropriate citations to authorities and to the record. TEX. R. APP. P. 38.1(i). The Puricellis' discussion of this point of error in their brief does not contain any references to the record. Nor does their brief even specify on what basis appellees objected to the summary judgment evidence. Indeed, appellees' objections to the Puricellis' summary judgment evidence are not part of our appellate record. Because the Puricellis have failed to adequately brief this point of error and because appellees' objections are not in our record, they have waived their complaint about the trial court's ruling on their summary judgment evidence. *Rivera v. Countrywide Home Loans, Inc.*, 262 S.W.3d 834, 842 (Tex. App.—Dallas 2008, no pet.); *see Flume v. State Bar of Tex.*, 974 S.W.2d 55, 62 (Tex. App.—San Antonio 1998, no pet.). We overrule the Puricellis' second point of error.

We affirm the trial court's judgment.

/Ada Brown/
ADA BROWN
JUSTICE

130207F.P05



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

WALTER O. PURICELLI AND TERREE L. PURICELLI, Appellants

No. 05-13-00207-CV     V.

SAXON MORTGAGE SERVICES, INC. AND THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-1, Appellees

On Appeal from the 101st Judicial District Court, Dallas County, Texas
Trial Court Cause No. 11-12790-E.
Opinion delivered by Justice Brown.
Justices Lang and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees SAXON MORTGAGE SERVICES, INC. and THE BANK OF NEW YORK MELLON, AS SUCCESSOR TRUSTEE UNDER NOVASTAR MORTGAGE FUNDING TRUST, SERIES 2005-1 recover their costs of this appeal from appellants WALTER O. PURICELLI AND TERREE L. PURICELLI.

Judgment entered this 28th day of July, 2014.