

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| LETICIA NARVAIS, | § | |
| Appellant, | § | No. 08-24-00037-CV |
| | § | Appeal from the |
| v. | § | |
| | § | 229th Judicial District Court |
| ANHEUSER-BUSCH, LLC; ANHEUSER-BUSCH COMPANIES, LLC; ANHEUSER-BUSCH COMMERCIAL STRATEGY, LLC; and BUD LIGHT, | § | of Duval County, Texas |
| | § | (TC# DC-20-63) |
| Appellees. | § | |

## **MEMORANDUM OPINION**[1]

In the underlying dispute, Appellant Leticia Narvais sued eleven defendants (four of which appear in this proceeding as Appellees), alleging she slipped and tripped on a promotional mat causing her to sustain an injury. Appellees filed a joint traditional and no-evidence motion for summary judgment, which the trial court granted. Narvais appeals from the final judgment. We affirm.

## I. BACKGROUND

Narvais sued Anheuser-Busch, LLC, Anheuser-Busch Companies, LLC, Anheuser-Busch Commercial Strategy, LLC, and Bud Light[2] (Appellees), for injuries she incurred when in the

---

[1] The appeal was transferred to this Court from the Fourth Court of Appeals pursuant to a Texas Supreme Court docket equalization order. Accordingly, we apply the Fourth Court of Appeals' precedent to the extent it conflicts with our own. *See* Tex. R. App. P. 41.3.

[2] Narvais also included seven other defendants to her lawsuit. After granting Appellees summary judgment motion, the trial court severed the judgment. The seven other defendants are not parties to this appeal.

Times Market convenience store. Narvais alleged that after entering the Times Market convenience store, "she encountered a blue dilapidated 'Bud Light' mat that was negligently and improperly placed at the entrance of the store." She contended:

> Because of this dangerous condition, [her] left foot was caught on the mat, causing her body to contort, requiring [her] to place an extreme amount of pressure on the left side of her body including her knee, causing severe injury to her lower back, left hip, both knees, and other parts of her body generally. Alleged video of the incident shows [her] left shoe flying from her foot and [her] in obvious and apparent pain following the incident.

Narvais alleged the mat was a "promotional mat, conceptualized by the minds at Bud Light and distributed throughout L&F's territory at the behest of Bud Light."[3] She alleged Bud Light and L&F delivered the mat, advised about its placement, repeatedly used the mat during its deliveries, and were aware of its degraded condition over the ensuing years, rendering customers of Times Market as possible trip-and-fall victims. She contended Bud Light, L&F, and the store owners failed to adequately warn her of the condition and failed to make the condition reasonably safe.

Narvais alleged the following causes of action against all eleven defendants: (1) negligence/negligent activity, (2) ordinary negligence of defendant's employees,[4] (3) premises liability, and (4) gross negligence. She also alleged the defendants were liable under the doctrine of respondeat superior for the actions of their agents, servants, or employees.

Appellees filed a combined traditional and no-evidence motion for summary judgment to which Narvais responded. In the traditional motion for summary judgment, Appellees asserted Narvais's negligent activity claim should be dismissed as a matter of law because, in this case, there was no affirmative, contemporaneous activity or conduct by any defendant that was alleged

---

[3] Narvais contended another defendant, L & F Distributors, LLC (L&F), wholesaled and distributed Budweiser/Bud Light products.

[4] She did not identify any employee or their specific employer.

2

or established by the evidence. As to her premises liability claim, Appellees alleged they were not "a possessor" of Times Market and had no control over the store operations. Finally, Appellees claimed they did not owe Narvais a duty. In the no-evidence motion for summary judgment, Appellees asserted there was (1) no evidence of any contemporaneous activity or conduct that caused Narvais's alleged injuries, (2) no evidence that Appellees "possessed" or had actual control of Times Market, and (3) no evidence they owed her a duty.

The trial court granted the combined motion without stating its grounds and ordered Narvais to take-nothing from Appellees. After the trial court granted Narvais's motion to sever, it signed a Final Judgment stating, in part, "this Judgment disposes of all claims and all parties in the severed action, and [is] appealable. This judgment vacates and replaces the Order Granting Anheuser-Busch Defendant's Traditional and No-Evidence Motion for Summary Judgement because it formally disposes of all claims and parties and is appealable." This appeal ensued.

## II. ISSUE ON APPEAL

In a single issue, Narvais contends the trial court erred in granting Appellees' motions for summary judgment where the evidence raised material fact issues that: (1) Appellees breached their duty to inspect the premises where the mat lay, which is an area they controlled, and to warn her of concealed dangers of which it knew or should have known; and (2) Appellees breached their duty under the necessary use exception by failing to warn or make safe the mat at issue, which was laid in the middle of the sole area of ingress and egress to the drink cooler for which the mat was intended and provided.

We consider Narvais's single issue together with her sub-issues.

## III. STANDARD OF REVIEW

"Where, as here, a trial court grants a motion for summary judgment that raises traditional and no-evidence grounds and both parties present evidence, the ultimate issue is whether the

3

nonmovant raised a fact issue to preclude summary judgment." *Fossil Grp., Inc. v. Harris*, 691 S.W.3d 874, 882 (Tex. 2024); *see also* Tex. R. Civ. P. 166a(c), (i); *Scripps NP Operating, LLC v. Carter*, 573 S.W.3d 781, 790 (Tex. 2019) (noting that, "while the burdens vary for the different types of motions, both parties presented summary judgment evidence. Therefore, the 'differing burdens are immaterial and the ultimate issue is whether a fact issue exists'" (internal citation omitted).). "Our review is de novo, and to determine if a fact issue exists, we examine the evidence in the light most favorable to the nonmovant, indulging reasonable inferences and resolving any doubts against the moving party." *Fossil Grp.*, 691 S.W.3d at 882.

A no-evidence summary judgment is properly granted if the nonmovant fails to bring forth more than a scintilla of probative evidence to raise a genuine issue of material fact as to an essential element of the nonmovant's claim on which the nonmovant would have the burden of proof at trial. *See* Tex. R. Civ. P. 166a(i); *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751 (Tex. 2003). More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *King Ranch*, 118 S.W.3d at 751. Stated otherwise, "there is not a scintilla of evidence when the evidence is so weak as to do no more than create a mere surmise or suspicion of material fact." *Wade Oil & Gas, Inc. v. Telesis Operating Co., Inc.*, 417 S.W.3d 531, 540 (Tex. App.—El Paso 2013, no pet.).

When, as here, a trial court's order granting summary judgment does not specify the grounds on which the order is based, the appellant must negate each ground upon which the judgment could have been based. *See Rosetta Res. Operating, LP v. Martin*, 645 S.W.3d 212, 226 (Tex. 2022). "A general statement that 'the trial court erred by granting [the movant's] motion for summary judgment' may be sufficient to allow argument on all possible grounds that the summary judgment motion was granted, but if a party does not brief those arguments to the court of appeals, the court of appeals cannot properly reverse summary judgment on those grounds" (internal

citation omitted). *Id.* at 227; *see also* Tex. R. App. P. 38.1(i) ("The [appellant's] brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record.").

Applying these principles here, we examine Narvais's causes of action, the grounds on which Appellees moved for a no-evidence summary judgment, whether Narvais raised a genuine issue of material fact, and whether Narvais attacked each of those grounds on appeal.

## IV. NO-EVIDENCE SUMMARY JUDGMENT

In Appellees' no-evidence motion for summary judgment, they alleged Narvais had no evidence (1) of any contemporaneous activity of conduct to support her negligent activity claim, (2) they were "a possessor" of Times Market or had control over the store operations to support her premises liability claim, and (3) they owed Narvais a duty to support her negligence and gross negligence claims.

### A. Negligent activity

To recover on a negligent activity claim, a plaintiff must show she was "injured by or as a contemporaneous result of the activity itself rather than by a condition created by the activity." *Keetch v. Kroger Co.*, 845 S.W.2d 262, 264 (Tex. 1992). Narvais did not allege facts in her petition or adduce evidence in her response to the motion for summary judgment about any ongoing activity when she was injured. She also does not address this claim on appeal. Therefore, the trial court did not err by rendering a take-nothing summary judgment on her negligent activity claim.

### B. Negligence & gross negligence

"Negligence and gross negligence are not separable causes of action, but are inextricably intertwined." *Bastida v. Aznaran*, 444 S.W.3d 98, 109 (Tex. App.—Dallas 2014, no pet.). Liability in negligence is premised on a finding of (1) a duty, (2) a breach of that duty, (3) which proximately caused injuries, and (4) damages resulting from that breach. *Bird v. W.C.W.*, 868 S.W.2d 767, 769

5

(Tex. 1994). Whether a legal duty exists under a set of facts is a question of law. *Id.* Gross negligence presumes a negligent act or omission and includes two further elements. *Bastida*, 444 S.W.3d at 109; *see also* Tex. Civ. Prac. & Rem. Code Ann. § 41.001(11) (defining gross negligence); *AEP Texas Cent. Co. v. Arredondo*, 612 S.W.3d 289, 298 (Tex. 2020) (existence of a duty of care is an element of negligence and gross-negligence claims); *Sonic Sys. Int'l, Inc. v. Croix*, 278 S.W.3d 377, 395 (Tex. App.—Houston [14th Dist.] 2008, pet. denied) (finding of ordinary negligence is prerequisite to finding of gross negligence); *Trevino v. Lightning Laydown, Inc.*, 782 S.W.2d 946, 949 (Tex. App.—Austin 1990, writ denied) (holding that one's conduct cannot be grossly negligent without being negligent).

Narvais sued four Anheuser-Busch defendants and Bud Light.[5] She also sued L&F, which wholesales and distributes Bud Light products, and the three parties that own, operate, or control the Times Market store at issue (store defendants). In her petition, she alleged the "[d]efendants failed to use ordinary care by various acts and omissions[.]" However, the entirety of Narvais's factual allegations in her petition are aimed at the store defendants, Bud Light, and L&F. She did not make any specific factual allegations against the four Anheuser-Busch defendants.

In their no-evidence motion for summary judgment, Appellees alleged Narvais had no evidence showing they owed her a duty, or that they took or failed to take, any action that proximately caused her alleged injuries. They also alleged that because Narvais could not establish that they owed her a duty or breached a duty, they were entitled to summary judgment on her gross negligence claim. In her response to the motion for summary judgment, Narvais stated Appellees "challenged [her] negligence claim in the traditional motion for summary judgment." Although

---

[5] The four Anheuser-Busch defendants are Anheuser-Busch, LLC; Anheuser-Busch Companies, LLC; Anheuser-Busch Commercial Strategy, LLC; and Anheuser-Busch InBev Worldwide, Inc. In her petition, Narvais stated Bud Light was an "assumed or common name." She did not dispute Appellees' contention that Bud Light is not a proper party to the lawsuit and that it is a "brand and not a d/b/a."

this is true, Appellees also challenged her negligence and gross negligence claims in their motion for a no-evidence summary judgment. In her response to the no-evidence motion for summary judgment, Narvais did not address any of their contentions, much less bring forward evidence showing duty or proximate causation. On appeal, she does not challenge the no-evidence summary judgment rendered in favor of Appellees on her negligence and gross negligence claims. Therefore, we hold that the trial court did not err by rendering a take-nothing summary judgment on those claims. *See Rosetta Res. Operating*, 645 S.W.3d at 227 ("[I]f a party does not brief those arguments to the court of appeals, the court of appeals cannot properly reverse summary judgment on those grounds."); Tex. R. App. P. 38.1(i).

### C. Premises liability

The threshold question in a premises liability case is whether the defendant owes a duty to the injured plaintiff. *Watanabe v. Summit Path Partners, LLC*, 650 S.W.3d 112, 125 (Tex. App.— Houston [1st Dist.] 2021, no pet.). "For a duty to exist, the defendant must have possession or control over the premises where the injury occurred." *Id.* As a general rule, an entity that does not own or possess property assumes no liability for injury under a premises liability theory, unless it assumes control over, and responsibility for, the premises. *Villegas v. Texas Dep't of Transp. & Rekca, Inc.*, 120 S.W.3d 26, 38 (Tex. App.—San Antonio 2003, pet. denied); *Watanabe*, 650 S.W.3d at 125 (defendant must have possession or control over the premises where the injury occurred for a duty to exist). "It is the possession and control which generally must be shown as a prerequisite to liability." *Villegas*, 120 S.W.3d at 38.

In her response to the no-evidence motion for summary judgment, Narvais contended the mat was "Anheuser-Busch 'property,' and Anheuser-Busch had control of the mat." Despite her contention, we conclude that Narvais did not satisfy her non-movant's burden for two reasons. First, in addition to Bud Light, she sued four "Anheuser-Busch" companies: the three Appellees

7

and Anheuser-Busch InBev Worldwide, Inc. There is no dispute that each of these four defendants is a separate business entity. However, none of Narvais's factual allegations identify which specific "Anheuser-Busch" entity possessed or controlled the mat. Second, Narvais had the burden to specifically point out to the trial court the evidence that raised a fact issue. *Martinez v. Leeds*, 218 S.W.3d 845, 849 (Tex. App.—El Paso 2007, no pet.). "The nonmovant may rely on evidence attached to a movant's combined traditional and no-evidence summary judgment motion, but the nonmovant bears the burden to specifically point out to the trial court which evidence raises a fact issue on the challenged elements." *Villa v. Gebetsberger*, No. 01-21-00529-CV, 2022 WL 3649368, at *4 (Tex. App.—Houston [1st Dist.] Aug. 25, 2022, no pet.) (mem. op.).

Second, Narvais specifically pointed to eight short excerpts from the deposition testimony of three individuals.[6] Jinhwan Kim, the corporate representative of one of the store defendants testified he and L&F "mutually" decided to place the mat next to an ice chest; he "guessed" the purpose of placing the mat by the ice chest was to advertise Bud Light and to catch any ice that fell to the floor; and the mat was given to him by L&F employee, Roy Buentello. Roy Buentello testified at his deposition that he is a regional manager for L&F; when someone asks him who he works for, he replies "L&F or Budweiser"; before becoming a regional manager for L&F, he was a "contemporary market technician or something like that" at Budweiser; and he received training on how to be an "Anheuser-Busch wholesaler," which is "something Anheuser-Busch wants us to

---

[6] Narvais attached ten exhibits, over 700 pages, to her summary judgment response, stating she "intend[ed] to use these exhibits as summary judgment proof and incorporate[d] the same as if set forth herein in full[.]" In determining whether a summary judgment nonmovant successfully carried her burden, neither this court nor the trial court is required to wade through a voluminous record to marshal the nonmovant's proof. *See Arredondo v. Rodriguez*, 198 S.W.3d 236, 238 (Tex. App.—San Antonio 2006, no pet.); *EP Hotel Partners, LP v. City of El Paso*, 527 S.W.3d 646, 654 (Tex. App.—El Paso 2017, no pet.); *Flume v. State Bar of Texas*, 974 S.W.2d 55, 62 (Tex. App.—San Antonio 1998, no pet.). When presenting summary judgment proof, a party must specifically identify the supporting proof on file that it seeks to have considered by the trial court. *Arredondo*, 198 S.W.3d at 238. Attaching entire documents and depositions to a response and referencing them only generally does not relieve the nonmovant of pointing out to the trial court where in the documents the issues set forth in the response are raised. *Id.* at 238–39. "Also, this court 'is not free to search the entire record, including materials not cited to or relied on by the trial court.'" *Id.* Therefore, unless specifically pointed out to the trial court, we do not consider any other evidence submitted by Narvais.

8

accomplish for them." Finally, Ronald Flores, the L&F corporate representative, testified at his deposition that when asked if it was his understanding that any promotional or marketing materials that L&F would distribute to on-premises or off-premises locations would come from "Anheuser-Busch," he replied, "I would believe so." None of the deposition testimony to which Narvais pointed indicates any of the Appellees either possessed, controlled, or assumed control of the mat.[7]

Also in her response, Narvais stated "[t]he wholesale agreement gives Anheuser-Busch complete control over how L&F acts on Anheuser-Busch's behalf." Although Narvais attached an Amended and Restated Anheuser-Busch, Inc. Wholesaler Equity Agreement to her response, she does not cite to any specific language in the agreement to support her contention. The agreement with its ten exhibits is almost fifty pages long. Neither the trial court nor this Court is obligated to search this document for proof that it gave Anheuser-Busch, Inc. or any other Appellee "complete control" over L&F.[8] *See EP Hotel Partners*, 527 S.W.3d at 654; *Flume v. State Bar of Texas*, 974 S.W.2d 55, 62 (Tex. App.—San Antonio 1998, no pet.).

We conclude Narvais failed to raise a genuine issue of material fact on whether any Appellee possessed, controlled, or assumed control of the mat. Therefore, the trial court did not err in rendering a take-nothing judgment against Narvais on her premises liability claim.[9]

We overrule Narvais's sole issue and two sub-issues.

---

[7] For the first time on appeal, Narvais points to other portions of deposition testimony, which she did not point out to the trial court. We do not consider these excerpts because Narvais had the burden to identify to the trial court the supporting evidence she wanted the court to consider. *See Martinez*, 218 S.W.3d at 849; *Villa*, 2022 WL 3649368, at *4.

[8] We note that the copy of the agreement attached as evidence to Narvais's response is stamped "confidential" and contains numerous sections and pages that are redacted.

[9] We do not address Narvais's argument on appeal that Appellees owed her a duty under the "necessary use exception" because she did not raise this argument before the trial court. *See* Tex. R. Civ. P. 166a(c) ("Issues not expressly presented to the trial court by written motion, answer or other response shall not be considered on appeal as grounds for reversal."). Additionally, we do not address the respondeat superior cause of action as Narvais did not address her respondeat superior argument on appeal.

# V. CONCLUSION

For the reasons stated above, we affirm the trial court's summary judgment in favor of Appellees.

GINA M. PALAFOX, Justice

November 7, 2024

Before Palafox and Soto, JJ., and Rodriguez, C.J. (Senior Judge)
Rodriguez, C.J. (Senior Judge) (sitting by assignment)